## THE PEOPLE *v.* THE CITY OF SACRAMENTO.

Fines properly imposed in the Court of a Mayor or Recorder of a city, or before any municipal officer of a corporation, must be paid into the treasury of the city or other corporation.

There is no statute which alters the rule as to the City of Sacramento.

APPEAL from the District Court of the Sixth Judicial District.

This was an action brought in the name of the people, by the district attorney against the Mayor and Common Council of the City of Sacramento, to recover the sum of forty thousand dollars, alleged to have been collected and received from fines imposed in the City Recorder's Court, for violations of the statutes of the State, in suits prosecuted in the name of the People of the State of California.

Judgment for plaintiff was entered on default of defendants. Defendants appealed.

*Henry Starr* for Appellants.

The city charter, p. 966, § 35, Codified Laws of California, and amended charter of 1855, pp. 64 and 65, § 5, gives the recorder exclusive jurisdiction of city ordinances; all misdemeanors and willful injury to property committed within the limits of the city, where the fine does not exceed five hundred dollars and imprisonment in the county jail not exceeding six months, or both fine and imprisonment, and he shall exercise all the powers of a justice of the peace in offences committed within the limits of the city, etc., and in case of disability, removal or resignation of the recorder, the mayor shall perform the duties of his office, etc., and have the same powers and jurisdiction of the recorder.

Codified Laws, p. 505, § 638, in relation to proceedings in justices, recorder's and mayor's Courts read: "Upon the payment of the fine the officer shall immediately discharge the defendant if he be not detained for any other legal cause, and apply the money to the payment of the expenses of the prosecution, and pay over the residue, if any, within ten days to the county or city treasurer according as the offence is prosecuted in a justice's, or in a mayor's or recorder's Court."

§ 679 of the same Act provides that all fines and forfeitures collected in any Court of this State shall be applied, first, to the payment of costs, and the residue shall be paid to the county treasury of the county in which the Court is held.

Codified Laws p. 86, § 4, provides for all money received by any public officer for penalties or forfeitures, and not especially appropriated to any other fund, shall also be deemed to be a part of the general fund.

Taking the charter, conferring exclusive jurisdiction on the recorder's Court of all such offences committed within the city limits of the city, when at the same time we have justices of the peace in the city and the different sections requiring the money to be realized by fines and forfeitures in such cases to be paid into the city or county treasury according as the offence is prosecuted in a justice's, mayor's or recorder's Court, it plainly appears that it was the intention of the Legislature to give the chartered cities the revenue arising from such fines and forfeitures, in order to assist them in carrying on their city government.

The incorporated cities have to pay their mayor, recorder, city attorney, and police force to make these arrests and try the cases; keep the prisoners in food, etc., until a conviction is had; and then, it is urged,

the fine shall be paid to the State, and the city get nothing for all her trouble and expense, and that too where the Legislature has by the charter taken from the justices of the peace said cases that are committed within the limits of the city and forced them upon the city to try and dispose of. Codified Laws, p. 966, § 38.

It shall be the duty of the city treasurer to receive and safely keep all moneys that shall come to said city, either by taxation or otherwise, and to pay the same as provided by law, etc.

*James H. Hardy* for the People.

It is contended by the appellant that the six hundred and thirty-eighth section of the Act regulating proceedings in criminal cases appropriates the money to the city treasury.

But it requires only a moment of consideration to see that no such appropriation is made, as the section referred to is vague and indefinite at best; but it will be seen that the section does not appropriate the money; and to give it the broadest latitude, it only provides to what officer the money shall be paid. It neither attempts to assign it to one department or another. Compiled Laws, p. 505, § 638.

It is confidently submitted, too, that this section is abrogated by the six hundred and seventy-ninth section of the same Act, if the six hundred and thirty-eighth section goes to the extent contended for by the appellant's counsel, for that provides that all moneys arising from these sources shall be paid to the county treasurer. Compiled Laws, p. 510, § 679.

These sections, neither singly nor combined, direct the payment of this money into any treasury. In the absence, then, of any statutory disposition of such moneys, if either of these sections are of any moment for the purpose of appropriating the money, the latter section would conflict with the former, and would of course control it. But if they are merely directory to officers, as we contend they are, they do not conflict; and being merely directory, would leave the appropriation of the moneys to the common law, which, of course, would be to the sovereign, and not to any subordinate corporation of the State.

But we have a statute which is perfectly conclusive. The moneys are not only appropriated to the State, but their fund is also assigned. All moneys collected by any public officer, for penalties or forfeitures, and not especially appropriated to any other fund, shall also be deemed part of the general fund. Compiled Laws, p. 86, § 4.

There are statutes creating and defining offences, however, which especially appropriate the penalties to other uses. For instance, penalties for nuisances are to be paid into the county treasury. Compiled Laws, p. 340, § 2.

If this were the general law, what would be the necessity of this specific appropriation?

Where the Legislature desire to change the appropriation, they do so specifically, and it is thereby rendered apparent that the legislative interpretation is that the moneys belong to the State.

It is made plain, too, by § 464, which provides for the issuance of execution as in civil cases. What then is the execution? It commands the officer to make the money and satisfy the plaintiffs.

It is also submitted that a corporation can take nothing by intendment. A city derives its revenues, the sources of which must be found in the charter by which it acts.

The city recorder is not only a municipal offcer, but is made a State officer, subject to the rules governing justices of the peace. Compiled Laws, p. 96, § 35.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

Fines imposed in the Court of the mayor or recorder of a city or before any officer of a municipal corporation, having authority to impose fines, must, as a general rule, be paid into the treasury of the city, town, or other municipal corporation, unless the law specifically directs otherwise.

There is no statute which interferes with this disposition of the fund arising from fines, as far as concerns the city of Sacramento. Therefore the judgment is reversed.